UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| DANILO ESTEBAN GUERERA-SANDOVAL,<br>#358250, | :<br>:<br>: |
| Petitioner, | :<br>: |
| v. | : CIVIL ACTION NO. 2:09cv238 |
| GENE M. JOHNSON,<br>Director of the Virginia Department of<br>Corrections, | :<br>:<br>:<br>: |
| Respondent. | : |

## REPORT AND RECOMMENDATION

The matter was initiated by writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge[1] pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.

## FACTUAL AND PROCEDURAL HISTORY

The Petitioner, Danilo Esteban Guerera-Sandoval ("Petitioner" or "Guerera-Sandoval"), filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He is currently incarcerated in Virginia's Sussex II State Prison in Waverly, Virginia, serving a sentence of 70 years following his conviction on charges of murder, possession of a firearm by a convicted felon, and use of a firearm in the commission of murder.

The Circuit Court of Prince William County imposed the sentence after a bench trial in which Guerera-Sandoval testified on his own behalf. After his conviction, Guerera-Sandoval appealed to the Virginia Court of Appeals, asserting both insufficiency of the evidence and an

---

[1] The petition was originally referred by a United States District Judge to United States Magistrate Judge James E. Bradberry. As a result of Judge Bradberry's retirement, the matter was reassigned to United States Magistrate Judge Douglas E. Miller, his duly appointed successor.

1

evidentiary error related to the trial court's decision to admit certain records of his prior convictions. The Court of Appeals considered the petition and in a *per curium* opinion granted review solely on the evidentiary issue, concluding that the sufficiency of the evidence argument was not preserved at trial. *Guerera-Sandoval v. Commonwealth*, No. 922-06-4 (Nov. 9, 2008). After briefing, the Court of Appeals denied Guerera-Sandoval's claim that the trial court committed reversible error in admitting the evidence, and affirmed his conviction. *Guerera-Sandoval v. Commonwealth*, No. 922-06-4 (August 7, 2007) (unpublished) (available at 2007 WL 2237987).

Thereafter, Petitioner filed a Petition for Appeal with the Supreme Court of Virginia which that court refused on November 29, 2007. The Petitioner sought no further appeal. As a result, the direct review of Petitioner's conviction became final on February 27, 2008, the last date upon which he could have filed a petition for certiorari in the United States Supreme Court.

On March 12, 2008, Guerera-Sandoval signed and certified mailing his first petition for habeas corpus relief, which the Supreme Court of Virginia filed on March 24, 2008. The first state habeas filing asserted four grounds for relief.

> a) The prosecutor's use at trial of the Petitioner's interrogation statements violated rights guaranteed by *Miranda v. Arizona*.
>
> b) The trial court violated Petitioner's constitutional rights by refusing to discharge his counsel and appoint a new attorney to represent him.
>
> c) That the Petitioner received constitutionally ineffective assistance of counsel due to his attorney's alleged failure to take steps to suppress or exclude Petitioner's statement to police.
>
> d) That he received constitutionally ineffective assistance of counsel due to his appellate attorney's alleged failure to adequately present appellate issues to the Court of Appeals.

In a written opinion dated September 25, 2008, the Supreme Court of Virginia denied the first habeas petition. The court ruled grounds (a) and (b) were barred by the doctrine of *Slayton v. Parrigan*, 215 Va. 27, 29, 205 S.E. 2d 680, 682 (1974), as the Petitioner could have raised those claims on direct appeal. The court then considered the merits of Petitioner's ineffective assistance

claims in grounds (c) and (d) (and as otherwise alleged in the first state petition) and concluded that Petitioner failed to allege facts sufficient to meet the test in *Strickland v. Washington*, 466 U.S. 668, 667 (1984).

On March 24, 2009, Petitioner filed a second state habeas petition, again alleging – on different grounds – the ineffectiveness of his trial counsel. This claim of alleged ineffectiveness related to his trial counsel's failure to file a motion to strike, or otherwise preserve for appeal the sufficiency of the evidence argument. Recognizing the legal impediments to his second state petition, Guerera-Sandoval also alleged that a language barrier prevented him from including the additional grounds in his first habeas petition. He also argued that denial of his second petition would constitute a miscarriage of justice. On April 28, 2009, the Supreme Court of Virginia dismissed the second filing as both successive and untimely. Va. Code § 8.01-654(B)(2) and 653(A)(2).

This Court received and conditionally filed Petitioner's federal habeas claim May 21, 2009. The federal Petition alleges three grounds, which overlap in their essentials the claims raised before, and resolved by the Supreme Court of Virginia.

1. The trial court improperly convicted the Petitioner of first degree murder on insufficient evidence.

2. The trial court erred by admitting certain exhibits as evidence of his predicate convictions.

3. The Petitioner received constitutionally ineffective assistance of counsel due to his attorney's failure to preserve the sufficiency of the evidence claim for appellate review.

After preliminary orders the Respondent filed a Rule 5 Answer and Motion to Dismiss the federal petition. In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), the Petitioner was advised of his right to file opposing affidavits, statements, exhibits and

3

legal memoranda, as well as the possible consequences of failing to oppose the Respondent's filing. Guerera-Sandoval responded with a memorandum on September 16, 2009, but included no affidavits, statements or exhibits. At this Court's direction the Respondent requested certified records from the trial court, the Court of Appeals, and the Supreme Court of Virginia, the last of which were received on March 5, 2010, and the matter is now ripe for decision.

## ANALYSIS

The Petitioner's claims are all procedurally defaulted as a result of his failure to raise issues on appeal and the Supreme Court of Virginia's actions on his state habeas petitions. In addition, the second claim which was partly resolved on the merits by the state appellate courts is nonetheless non-cognizable in federal habeas review as it relates exclusively to the state's application of state law and does not allege any constitutional error. Accordingly, the undersigned recommends that the Petition be dismissed.

I. <u>The Petitioner's claim that he was convicted on insufficient evidence is simultaneously exhausted and procedurally defaulted as a result of his failure to raise the claim on direct appeal in state court.</u>

"Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding." *Smith v. Murray*, 477 U.S. 527, 533 (1986). To preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial. *Coppola v. Warden of the Virginia State Penitentiary*, 222 Va. 369, 370, 282 S.E.2d 10, 12 (1981). If a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system. *Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir. 2000).

4

Here, Guerera-Sandoval attempted to raise the argument that he was convicted on insufficient evidence in his direct appeal. The Court of Appeals, however, expressly declined to hear the claim on the grounds that it was not preserved by a contemporaneous objection at trial. The Virginia Court of Appeals' refusal to consider the petitioner's claim that he was convicted on insufficient evidence was based on Rule 5A:18 of the Rules of the Supreme Court of Virginia. The Supreme Court of Virginia imposes a similar procedural requirement in Rule 5:25. When a state court "clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, then that procedural rule provides an independent and adequate ground for the dismissal," and the federal habeas claim is procedurally defaulted. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 – 32 (1991). The Virginia procedural rules which prohibit claims on appeal which were not preserved at trial, is an adequate and independent state law basis for procedural default. *Clagett*, 209 F. 3d at 378; *Weeks v. Angelone*, 4 F. Supp. 2d 497, 515 (E.D. Va. 1998).

This court must dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice, or that a miscarriage of justice would result from refusing to consider the defaulted claim. With respect to this claim, Petitioner has not attempted to show miscarriage of justice or justifiable cause for the failure to preserve the objection at trial. Although Guerera-Sandoval does separately raise the issue of his counsel's ineffectiveness as it pertains to the failure to preserve this objection, that claim, which was not presented in the first state habeas proceeding, cannot form the cause necessary to excuse a procedural default. *See Murray v. Carrier*, 477 U.S. 478, 488 – 89 (1986) (holding unexhausted ineffectiveness claim is not cause to excuse procedural default in federal habeas review). Because Guerera-Sandoval failed to establish cause, the issue of actual prejudice need not be addressed.

5

II.  The trial court's evidentiary rulings admitting written evidence of petitioner's predicate convictions are not cognizable in federal habeas review.

The Petitioner's second claim for federal habeas relief relates to the trial court's admission of certain documentary evidence to establish his predicate felony conviction. Petitioner raised this issue on direct appeal. In his argument supporting the federal habeas petition, Guerera-Sandoval relies primarily on Virginia's best evidence rule. The Virginia Court of Appeals expressly declined to hear the best evidence argument on appeal as it was not presented or argued at trial. As a result, the Respondent argues that Claim 2 should also be procedurally defaulted based on the Court of Appeals' express refusal to consider the best evidence argument. As to that legal theory, Respondent may be correct, but Guerera-Sandoval's timely federal habeas petition raises a general objection to this evidence as well. The Court of Appeals did review the merits of the Petitioner's other objections to this evidence and found them without merit. Because the Court of Appeals reviewed the merits and denied the claim, the Supreme Court of Virginia's refusal of Guerera-Sandoval's direct appeal satisfies the exhaustion requirement for this claim. *See Sanders v. Reynolds*, 214 Va. 697, 700; 204 S.E. 2d 421, 424 (1974) (refusal of petition satisfies exhaustion for habeas purposes).

Nevertheless, Claim 2 states no basis for a federal habeas relief, as it relates solely to a state court's application of state law. Ordinarily, "it is not the province of a federal habeas court to re-examine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 – 68 (1991); *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999). When a petitioner's claim rests solely on an interpretation of state law and statutes, it is not cognizable on federal habeas review. Specifically, state court rulings on the admissibility of evidence are not ordinarily subject to review in federal habeas proceedings unless they present some constitutional claim. *Maynard v. Lockhart*, 981 F. 2d 987, 986 (8th Cir. 1992); *Buell v. Mitchell*, 274 F.3d 337, 357 (6th Cir. 2001).

In this case, the petitioner has not alleged any constitutional dimension to the trial court's admission of the challenged criminal history reports. The legal arguments made in the federal petition, and the Court of Appeals' opinion analyzing the merits of the claim on appeal, both relate

exclusively to Virginia evidentiary law. Moreover, Guerera-Sandoval testified at his trial, and admitted his prior felony record. *See Guerera-Sandoval v. Commonwealth,* No. 922-06-4 (Nov. 9, 2008) at p. 4 (unpublished) (2007 WL 2237987). Because the trial court's application of Virginia law in this case presents no challenge to the fundamental fairness of Guerera-Sandoval's trial, Claim 2 is not cognizable in federal habeas relief and should be dismissed.

III. The Petitioner's claim of ineffective assistance, related to his attorney's failure to preserve the sufficiency of the evidence objection, is simultaneously exhausted and procedurally defaulted.

In Claim 3 Guerera-Sandoval asserts that he received constitutionally ineffective assistance from his trial counsel in failing to preserve the sufficiency of evidence objection for appeal. This ground was not raised in Guerera-Sandoval's first state habeas petition. Although he attempted to raise it in his second state habeas filing, the Supreme Court of Virginia dismissed that petition as successive and untimely. *See* Va. Code §§ 8.01-654(B)(2) and 653(A)(2). When a state court declines to hear the merits of a habeas claim on adequate and independent state procedural grounds, the matter is ordinarily not subject to federal habeas review. *Burket v. Angelone,* 208 F.3d 172, 183 (4th Cir. 2000). This Court may not question a state court's finding of procedural default, or examine "whether the state court properly applied its own law." *Id.* (citing *Barnes v. Thompson,* 58 F.3d 971, 974 n.2. (4th Cir. 1995)).

In certain cases a Petitioner may overcome procedural default and present the defaulted habeas claims for federal review on the merits, by demonstrating cause and prejudice for the default, or that a miscarriage of justice would result from the lack of substantive review. *Coleman.,* 501 U.S. at 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Savino v. Murray,* 82 F. 3d 593, 602 (4th Cir. 1996). With regard to his failure to raise this claim in the first state habeas petition, Guerera-Sandoval has alleged that a language barrier resulting from his inability to read English constitutes sufficient cause to excuse the default. To demonstrate cause necessary to excuse procedural default, Guerera-Sandoval must show some objective factor – external to the defense – impeded his ability to comply with the state procedural rule. *Murray v. Carrier,* 477

7

U.S. 478, 488 (1986). Language barriers and unfamiliarity with the legal system are not external factors sufficient to excuse procedural default. *Weeks v. Bowersox*, 106 F. 3d 248, 250 (8th Cir. 1997) (illiteracy insufficient to excuse default). *Vazquez v. Lockhart*, 867 F. 2d 1056, 1058 (8th Cir. 1988), *cert. denied*, 490 U.S. 1100 (1989) (language barrier insufficient to excuse procedural default).

Finally, Guerera-Sandoval's federal habeas filing contends, in conclusory fashion, that the procedural default will result in a "miscarriage of justice," but he presents no argument or factual contention in support of this claim, and no "new reliable evidence" supporting a claim of actual innocence. *See Sharpe v. Bell*, 593 F. 3d 377; *Schlup v. Delo*, 513 U.S. 298, 324, (1995).

## RECOMMENDATION

Guerera-Sandoval's claims are procedurally defaulted and he has failed to articulate sufficient cause or prejudice to exclude the default. To the extent the state court ruled on the merits of his evidentiary claim, that claim is not cognizable in federal habeas review.

Accordingly, the undersigned recommends that Guerera-Sandoval's petition for writ of habeas corpus under 28 § U.S.C. 2254 be denied and the matter dismissed.

## REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

/s/ Douglas E. Miller
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April 2, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Danilo Esteban Guerera- Sandoval, #358250
Sussex II State Prison
24427 Musselwhite Drive
Waverly, VA 23891

Benjamin Hyman Katz
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

April 2, 2010